UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GRACIA LOUIS,

       Plaintiff,

vs.

SUNRISE CREDIT SERVICES, INC.,

       Defendant.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, GRACIA LOUIS, by and through undersigned counsel, and brings this action against the Defendant, SUNRISE CREDIT SERVICES, INC. ("SUNRISE"), and as grounds thereof would allege as follows:

### INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA").

2. The FDCPA prevents debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the

*FD-2307*

Complaint alleges a federal claim and requires the resolution of substantial questions of federal law. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c)

4. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District, and because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## PARTIES

5. At all times relevant to this Complaint, Defendant, SUNRISE was and is a foreign corporation, formed under the laws of the State of New York has its principal place of business in New York.

6. At all times relevant to this Complaint, SUNRISE regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

7. At all times relevant to this Complaint, SUNRISE regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

8. At all times relevant to this Complaint, SUNRISE was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9. At all times relevant to this Complaint, SUNRISE regularly uses the

*FD-2307*

mail and telephone in a business the principal purpose of which is the collection of debts.

10. At all times relevant to this Complaint, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3), and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by violations of the Act.

11. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

## BACKGROUND AND GENERAL ALLEGATIONS

12. Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was an alleged debt owed to AT&T for internet and residential telephone services.

13. Plaintiff has had home telephone service through AT&T or its predecessor in interest for over 25 years and never missed a payment.

14. On or about the month of May 2014, Plaintiff began experiencing problems with his internet service. After a few weeks of attempting to resolve the issue, Plaintiff decided to terminate the service.

15. Plaintiff made a final payment to AT&T of $51.46, on or about July 31, 2014.

*FD-2307*

16.     On or about August 20, 2014, AT&T mailed Plaintiff a monthly statement which stated that it was a "REVISED FINAL BILL" and that Plaintiff had overpaid by $17.19.

17.     The statement stated that "Payment is Not Required".

18.     Indeed, a few days later, Plaintiff received a check from AT&T in the amount of $17.19.

19.     On January 7, 2015, at or about 3:10 p.m., Plaintiff received a telephone call from 786-837-0030.

20.     The (786) area code is assigned to Miami, Florida, Miami-Dade County, and the part of Monroe County in the Florida Keys. http://en.wikipedia.org/wiki/Area_codes_305_and_786 (Last visited January 7, 2015).

21.     Plaintiff's telephone number begins with the area code 786.

22.     Upon information and belief, Defendant does not have a location or employ any individuals in Miami-Dade County, the (786) area code or even in the State of Florida, yet places calls from a telephone number with a (786) area code.

23.     Upon information and belief, this is done solely to misrepresent the origin of the call and to induce the unsuspecting consumer to answer what he thinks is a local call—one that Defendant knows the average consumer is more likely to answer than an unknown long-distance number.

*FD-2307*

24. Upon information and belief, Defendant has adopted the strategy of using local area codes so as to give consumers the false impression that they are being called by a local person.

25. Upon information and belief, Defendant owns telephone numbers in many area codes throughout the United States and calls consumers from local area codes based upon the consumer's own area code.

26. Upon information and belief, Defendant has deliberately considered and evaluated this strategy and determined that using a local area code is likely to cause the consumer to believe that they are receiving a call from a local person, when, in fact, they are not.

27. Upon information and belief, Defendant's strategy was primarily designed and implemented to make consumers believe that that they are receiving a call from a local person, when, in fact, they are not.

28. An identical strategy was specifically acknowledged by an unrelated debt collector in a deposition conducted by the undersigned in an unrelated case previously pending in this District.

29. Defendant's strategy would be deceptive to the least sophisticated consumer.

30. Plaintiff did not recognize the telephone number but saw that it was a local telephone number and thought it may be his family or friend so he answered

*FD-2307*

the call.

31.     Plaintiff spoke with a woman who stated that Plaintiff owed $100.00 to AT&T. Plaintiff informed her that she was mistaken and that he had paid his bill and did not owe any money.

32.     Defendant's representative stated that if Plaintiff did not pay the money, Defendant would report same to the credit reporting agencies.

33.     At no point in time did Defendant's representative inform Defendant of the name of the company she was calling from or that the she was a debt collector attempting to collect a debt and that any information obtained will be used for that purpose.

34.     On January 7, 2015, at or about 4:16 p.m., Plaintiff called the number back and spoke with Defendant's representative named Sonya Brown.

35.     Ms. Brown insisted that Plaintiff owed the money. Plaintiff informed her that he had paid all the money.

36.     Ms. Brown stated that Plaintiff was mistaken because he was not referring to the final bill which was still owed.

37.     Ms. Brown stated, "I'm telling you the truth".

## COUNT I-VIOLATION OF FDCPA: 15 USC 1692(e)

38.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 37.

*FD-2307*

39. 15 U.S.C. §1692e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

40. Defendant attempted to collect upon a debt which was not due and had in fact been fully paid.

41. Further, Defendant's strategy of placing calls using a local area code was designed to deceive and mislead consumers into believing that the call was from a local person—which was false

42. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

43. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against

FD-2307

Defendant SUNRISE for statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, GRACIA LOUIS, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar Number: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Ft. Lauderdale, Florida 33316
Telephone:  (954) 523-4357
Facsimile:   (954) 581-2786
E-mail: Chezky@Floridaloanlawyers.com

FD-2307